**No. 26-182**

# In the United States Court of Appeals for the Ninth Circuit

HASBRO, INC.; WIZARDS OF THE COAST LLC,
DEFENDANTS-PETITIONERS

*v.*

JOHN MILITO,
PLAINTIFF-RESPONDENT

*ON PETITION FOR PERMISSION TO APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON (CIV. NO. 24-1111) (THE HONORABLE BARBARA J. ROTHSTEIN, J.)*

## REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO THE CLASS ACTION FAIRNESS ACT

KANNON K. SHANMUGAM
MASHA G. HANSFORD
ELEANOR K. RITTER
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
*2001 K Street, N.W.*
*Washington, DC 20006*
*(202) 223-7300*
*mhansford@paulweiss.com*

# TABLE OF CONTENTS

Page

Introduction ........ 1

Argument ........ 3

I. The petition presents an important CAFA-related question ........ 3

II. The CAFA-related question is unsettled and was wrongly decided below ........ 7

III. The other *Coleman* factors are satisfied ........ 9

IV. The district court's express adoption of an anti-removal presumption underscores the need for review ........ 10

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Browne* v. *National Collegiate Student Loan Trust*, No. 23-2017, 2023 WL 4884834 (3d Cir. Aug. 1, 2023) ........ 5

*Caterpillar Inc.* v. *Williams*, 482 U.S. 386 (1987) ........ 9

*City of Reno* v. *Netflix, Inc.*, 52 F.4th 874 (9th Cir. 2022) ........ 8, 9

*Coffey* v. *Freeport McMoran Copper & Gold*, 581 F.3d 1240 (10th Cir. 2009) ........ 6

*Coleman* v. *Estes Express Lines, Inc.*, 627 F.3d 1096 (9th Cir. 2010) ........ 3, 6, 9, 10

*Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81 (2014) ........ 3, 4, 10

*Davis* v. *HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009) ........ 5

Page(s)

Cases—continued:

*Freeman* v. *Blue Ridge Paper Products, Inc.*,
551 F.3d 405 (6th Cir. 2008) .......... 6

*George* v. *Omega Flex, Inc.*, 874 F.3d 1031 (8th Cir. 2017) .......... 5

*Gessele* v. *Jack In The Box, Inc.*, 603 Fed. Appx. 589 (9th Cir. 2015) .......... 5

*Home Depot U. S. A., Inc.* v. *Jackson*, 587 U.S. 435 (2019) .......... 8

*Jauregui* v. *Roadrunner Transportation Services, Inc.*,
28 F.4th 989 (9th Cir. 2022) .......... 10, 11

*Kenny* v. *Wal-Mart Stores, Inc.*, 881 F.3d 786 (9th Cir. 2018) .......... 5

*Kohrs* v. *Swift Transportation Co.*, Nos. 24-4483, 24-4872,
2025 WL 3066302 (9th Cir. Nov. 3, 2025) .......... 4

*LG Display Co.* v. *Madigan*, 665 F.3d 768 (7th Cir. 2011) .......... 5

*Morales* v. *Trans World Airlines, Inc.*, 504 U.S. 374 (1992) .......... 3

*Rascon* v. *Benchmark Electronics, Inc.*,
843 Fed. Appx. 968 (9th Cir. 2021) .......... 4

## CONSTITUTION AND STATUTES

U.S. Const. Art. III .......... *passim*

Class Action Fairness Act .......... *passim*

28 U.S.C. § 1453(c) .......... *passim*

Declaratory Judgment Act, 28 U.S.C. § 2201 .......... 7

Equal Pay and Opportunities Act,
Wash. Rev. Code § 49.58.005 *et seq.* .......... *passim*

28 U.S.C. § 1331 .......... 8

28 U.S.C § 1367 .......... 8

## INTRODUCTION

This petition presents a novel CAFA-related question that has recurred in dozens of class actions under Washington's Equal Pay and Opportunities Act (EPOA). In case after case, district courts in the Western District of Washington have interpreted Article III standing to eliminate the federal forum Congress expressly provided through CAFA. Given the importance of the CAFA-related question, the fact that it has recurred, and the district court's mistaken resolution of an important question of federal law that implicates the Supreme Court's and this Court's recent precedents, this Court's Section 1453(c) review is warranted.

Milito's opposition does not address much of this: he accepts that this court has appellate jurisdiction; says nothing about the recurring nature of the issue; and does not dispute that the Article III question is unsettled, critical to this case, and likely to evade federal-court review, nor that the balance of harms weighs in favor of review.

Instead, Milito focuses on three arguments, none of which provides a good reason to deny review. *First*, he insists that the question presented here is not CAFA-related because it does not require interpreting CAFA itself. But that argument ignores the word "related." Indeed, decisions from the Su-

preme Court and this Court firmly establish that questions implicating threshold reasons for remanding a case removed under CAFA satisfy Section 1453(c).

*Second*, Milito contends that the district court was correct to reject Hasbro's alternative merits argument that there is Article III jurisdiction at least as to Hasbro's counterclaim. But that argument is ineffectual: even if the district court were right on the counterclaim, appellate review would still be warranted because the court was wrong to remand the underlying complaint. Milito's failure to defend the district court's remand of his EPOA claim (and therefore to address the bulk of Hasbro's petition) is startling. Nor is the argument correct: while a plaintiff's well-pleaded complaint determines the *statutory* basis for jurisdiction, the *constitutional* basis for jurisdiction depends on the counterclaimant's injury. And Milito concedes that Hasbro has Article III standing as to its counterclaim.

*Third*, Milito attempts to defend the district court's mistaken application of an anti-removal presumption. Contrary to Milito's insistence, the district court expressly adopted the presumption, expounded on it, and proceeded to apply it in assessing Milito's complaint. Under this Court's precedents, that is a powerful reason to grant the petition for review and to reverse.

## ARGUMENT

### I. The Petition Presents An Important CAFA-Related Question

This case presents an important and recurring question about the power of federal courts to hear CAFA cases that allege an informational injury. *See* Pet. 9-10. Milito does not dispute that this question is important and that it is recurring. He contends instead that the question is not "CAFA-related" because it does not "interpret[]" CAFA's statutory text. Opp. 3 (citation omitted); *see* Opp. 3-6. But this Court has never required petitions for review under Section 1453(c) to ask the Court to interpret or apply the terms of CAFA itself. Instead, this Court looks for a "CAFA-*related*" question. *Coleman* v. *Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (2010) (emphasis added). And the ordinary meaning of "related" is "expansive," reaching anything that "stand[s] in some relation," "ha[s] bearing or concern," "pertain[s]," "refer[s]," or "has a connection with, or reference to," the object. *Morales* v. *Trans World Airlines, Inc.*, 504 U.S. 374, 383-384 (1992) (citations omitted).

This Court's approach comports with Supreme Court precedent: the Supreme Court has specifically cautioned that appellate courts should not deny Section 1453(c) petitions simply because the question presented "is not a question unique to CAFA." *Dart Cherokee Basin Operating Co.* v. *Owens*, 574 U.S. 81, 93 n.6 (2014) (internal quotation marks, citation, and alteration omitted). In *Dart Cherokee*, the Supreme Court reversed, as an abuse of discre-

tion, a court of appeals' denial of a Section 1453(c) petition presenting a threshold question independent of CAFA's text: whether a removing defendant needs to include evidence or only plausible allegations as to the amount in controversy. *See id.* at 86, 94

Consistent with that precedent, this Court has routinely granted review to address a district court's ruling on threshold issues that led it to remand a case removed under CAFA. *See* Pet. 10 (citing cases). Milito tries to distinguish this Court's decision to grant review in two of those cases, contending that both cases presented questions of "CAFA law." Opp. 5-6 (citing *Rascon* v. *Benchmark Electronics, Inc.*, 843 Fed. Appx. 968 (9th Cir. 2021), and *Kohrs* v. *Swift Transportation Co.*, Nos. 24-4483, 24-4872, 2025 WL 3066302 (9th Cir. Nov. 3, 2025)). Not so. *Rascon* addressed whether a district court can remand a case *sua sponte* based on procedural defects in removal and *Rascon* and *Kohrs* both addressed the standard for assessing notice of removability, which triggers the deadline for timely removal. *See Rascon*, 843 Fed. Appx. at 969; *Kohrs*, 2025 WL 3066302, at *1-*2. To answer those questions, this Court did not need to interpret the terms of CAFA itself. *See Rascon*, 843 Fed. Appx. at 969-970; *Kohrs*, 2025 WL 3066302, at *1.

And this Court has granted petitions for review under Section 1453(c) in numerous other cases where the issues did not turn on a particular provision of CAFA but rather presented questions of general applicability. *See*, *e.g.*,

*Kenny* v. *Wal-Mart Stores, Inc.*, 881 F.3d 786 (9th Cir. 2018) (whether a defendant waived its right to remove by first filing a demurrer in state court); *Davis* v. *HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009) (whether a defendant's principal place of business was in California); *Gessele* v. *Jack In The Box, Inc.*, 603 Fed. Appx. 589 (9th Cir. 2015) (whether a defendant's assertions in support of jurisdiction were barred by issue preclusion and judicial estoppel). This Court's grant of review in each of those cases belies Milito's cramped reading of Section 1453(c).

Milito next attempts to distinguish the Seventh Circuit's decision granting Section 1453(c) review of an Article III question. *See* Opp. 5. But while it does not break out the same list of factors, the Seventh Circuit still considers whether the question presented in a Section 1453(c) petition implicates concerns unique to CAFA. *See*, *e.g.*, *LG Display Co.* v. *Madigan*, 665 F.3d 768, 770-771 (7th Cir. 2011). Nor is the Seventh Circuit an outlier in reviewing an Article III dismissal of a CAFA case. Other courts of appeals have likewise granted review of orders remanding for lack of Article III standing. *See George* v. *Omega Flex, Inc.*, 874 F.3d 1031, 1031-1032 (8th Cir. 2017); *Browne* v. *National Collegiate Student Loan Trust*, No. 23-2017, 2023 WL 4884834, at *1-*2 (3d Cir. Aug. 1, 2023). Milito offers no sound reason for this Court to interpret its Section 1453(c) authority more narrowly than do its sister circuits.

Milito also argues that this Court gives the presence of *non*-CAFA questions less weight. *See* Opp. 2 (citing *Coleman*, 627 F.3d at 1100). While true, that does not help Milito's argument, as non-CAFA questions are those that do not relate to CAFA jurisdiction at all. For instance, where a case is removed under CAFA and another provision, a question relating to the non-CAFA basis for removal is a non-CAFA question. *See Coffey* v. *Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1247-1248 (10th Cir. 2009). The exception proves the rule: while a district court's reasoning as to non-CAFA bases for removal is not CAFA-related, its reason for remanding a case that otherwise is removable under CAFA is CAFA-related and properly reviewable under Section 1453(c).

The fact that the question presented in Hasbro's petition is CAFA-related is particularly evident because the Article III maneuver embraced by Milito has been widely deployed by plaintiffs to defeat CAFA jurisdiction, eviscerating the congressionally authorized federal forum for the myriad EPOA cases. That is especially salient because "CAFA was clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Freeman* v. *Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 407 (6th Cir. 2008). Indeed, courts in the Western District of Washington have relied on Article III reasoning that misconstrues informational standing precedents to remand more than twenty EPOA cases removed under CAFA. *See* Pet. 10,

Ex. B. Assessing the validity of that maneuver—and the availability of CAFA protections for a substantial number of nationwide class actions implicating core concerns underlying CAFA—is as "CAFA-related" as it gets.

## II. The CAFA-Related Question Is Unsettled And Was Wrongly Decided Below

Hasbro's petition explained in detail why that the district court's resolution of the Article III question was incorrect, easily satisfying the "fairly debatable" requirement. *See* Pet. 11-19. Milito fails to address either of Hasbro's lead arguments: that the district court was wrong to impose a risk-of-material-harm requirement because an informational injury is itself cognizable, *see* Pet. 11-15, and that the district court separately erred by deeming insufficient the complaint's allegations of concrete harm, *see* Pet. 15-17. Milito focuses only on Hasbro's alternative argument (Pet. 17-19) that, even if the district court were correct in dismissing Milito's claim, it should have allowed Hasbro's counterclaim under the Declaratory Judgment Act to proceed. *See* Opp. 6-11. That lengthy discussion gets Milito little. Even if the district court were right about the counterclaim, that would not counsel against this Court's review and reversal, because the district court nevertheless erred in remanding *Milito's EPOA claim*.

Milito's argument about the counterclaim is also badly mistaken on the merits, echoing the district court's error of conflating statutory and constitu-

tional subject-matter jurisdiction. Milito contends that the "[r]elevant" provision for the counterclaim is 28 U.S.C. § 1331, which creates statutory federal-question jurisdiction. *See* Opp. 7. Incorrect. Hasbro has never invoked federal-question jurisdiction under Section 1331 as the source of jurisdiction over the counterclaim (or, for that matter, over the underlying action). *See* D. Ct. Dkt. 28-1, at 9-11 (invoking CAFA and supplemental jurisdiction under 28 U.S.C § 1367); *see also* D. Ct. Dkt. 1, at 1 (notice of removal); D. Ct. Dkt. 26 (opposition to remand). Instead, CAFA provides statutory subject-matter jurisdiction over the declaratory-judgment counterclaim. *See* Pet. 17-18; *see also Home Depot U. S. A., Inc.* v. *Jackson*, 587 U.S. 435, 437 (2019) (recognizing that CAFA can provide a separate statutory basis for jurisdiction). For that reason, the well-pleaded complaint rule does not apply. *See* Pet. 18-19.

Milito invokes (Opp. 7-10) the Supreme Court's decision in *Home Depot*, but that was a case that rejected a third-party defendant's ability to remove where there was no statutory basis for removing the original action and only the counterclaim satisfied CAFA. 587 U.S. at 444-446. Here, by contrast, it is undisputed that Milito's complaint—and therefore the underlying action against which the declaratory action counterclaim defends—satisfied CAFA's statutory requirements. Nor was the counterclaim at issue in *Home Depot* a declaratory-judgment action, *see* 587 U.S. at 439, so that decision is entirely consistent with this Court's subsequent explanation in *City of Reno* v. *Netflix,*

*Inc.*, 52 F.4th 874 (2022), that an action seeking a declaration that claims against a potential defendant "would fail" "in effect borrows" the would-be plaintiff's underlying cause of action. *Id.* at 879. Milito suggests (Opp. 9 & n.2) that this case is different because Hasbro's declaratory-judgment action is defending against an already-filed (but as-yet unadjudicated) claim, but offers no reason at all why that distinction matters in identifying the cause of action.

Milito also invokes (Opp. 8) the principle that the plaintiff is the master of his complaint, but again that principle has no bearing here. It applies to federal-question jurisdiction, allowing a plaintiff to "eschew[] claims based on federal law . . . to have the cause heard in state court." *Caterpillar Inc.* v. *Williams*, 482 U.S. 386, 398-399 (1987). Here, Milito chose to assert a nationwide class action, satisfying the CAFA requirements for removal. Being the master of his complaint does not entail the power to defeat federal jurisdiction that Congress chose to provide despite crafting a complaint that satisfies the statutory criteria for removal.

### III. The Other *Coleman* Factors Are Satisfied

As Hasbro explained, each of the other *Coleman* factors strongly supports review. Milito does not dispute any of the remaining factors nor assert any burden to him from the minimal delay entailed by an appeal. *See* Opp. 1-12. The most he offers (Opp. 10) is a passing argument that the ultimate federal constitutional questions will not evade review (an argument that fails to

address the powerful settlement pressure faced by EPOA defendants, *see* Pet. 20). But he says nothing to establish that the federal jurisdictional question presented in this petition will be reviewable. *See Coleman*, 627 F.3d at 1101. And little wonder: there is nothing to be said. *See id.* Milito's failure even to put up a fight on the bulk of the *Coleman* factors powerfully illustrates that review is warranted.

### IV. The District Court's Express Adoption Of An Anti-Removal Presumption Underscores The Need For Review

Finally, Milito endeavors to defend the district court's mistaken assertion that an anti-removal presumption applies in this case. That argument falls short. Milito agrees—as he must—that "no antiremoval presumption attends cases invoking CAFA." Opp. 11 (quoting *Dart Cherokee*, 574 U.S. at 89). And the district court expressly invoked an antiremoval presumption in setting out the governing legal standard, mistakenly citing inapplicable and outdated cases for the proposition that the removal presumption applies, and dedicating a full paragraph to explaining its view that "[r]emoval requirements should be strictly construed." Pet. Ex. A, at 4. This Court has made clear that the mistaken invocation of anti-removal presumption is a strong reason to review and reverse a CAFA remand order. *See Jauregui* v. *Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 993-994 (9th Cir. 2022).

Milito attempts to diminish the district court's error as "a rote recitation . . . in a general rule statement." Opp. 11. But this Court has held that

reciting an anti-removal presumption when "explain[ing] the legal framework" is improper in CAFA cases—even where, unlike here, a court expressly stated later in its opinion that no antiremoval presumption in fact applies. *Jauregui*, 28 F.4th at 993. Here, the district court dedicated a full paragraph to the supposed presumption, Pet. Ex. A, at 4, never corrected it, *see id.* at 1-10, and applied that anti-removal mindset throughout its opinion. In particular, the court's decision to disregard the specific allegations of concrete harm in Milito's complaint and instead to defer to his made-for-litigation assertion of lack of standing, Pet. Ex. A, at 4; Pet. 9-10, 17, illustrates that the court was applying at least "some notion that removal under CAFA should be met with a level of skepticism and resistance." *Jauregui*, 28 F.4th at 993. The "inappropriate demand of certitude" "latent throughout the order" warrants correction. *Id.*

Milito also contends that the district court only "mentioned the presumption in the context of federal-question jurisdiction." Opp. 12; *see* Opp. 11-12. That is incorrect. As discussed (*see* p. 8), Hasbro has never invoked federal-question jurisdiction as a basis for removal or in its opposition to remand. And the district court, which recognized that diversity and CAFA were the only bases for removal, Pet. Ex. A, at 1, never mentioned federal-question jurisdiction at all, let alone cabined its invocation of an anti-removal presumption

to that context. *See id.* at 1-10. The district court's reliance on an anti-removal presumption is a powerful additional reason to review the question presented.

* * * * *

The petition for permission to appeal should be granted.

Respectfully submitted,

/s/ Masha G. Hansford
KANNON K. SHANMUGAM
MASHA G. HANSFORD
ELEANOR K. RITTER
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
*2001 K Street, N.W.*
*Washington, DC 20006*
*(202) 223-7300*
*mhansford@paulweiss.com*

JANUARY 23, 2026

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Reply in Support of Petition for Permission to Appeal Pursuant to the Class Action Fairness Act is proportionately space, has a typeface of 14 points or more, and complies with the type size and typeface requirements of the Federal Rules of Appellate Procedure 5(c), 32(a), and 32(c)(2). Under Federal Rule of Appellate Procedure 32(g)(1), I certify that the foregoing petition contains 2575 words, excluding the items exempted from Federal Rule of Appellate Procedure 5(c) and Ninth Circuit Rule 5-2(b). I further certify that this word count complies with the word limit of Federal Rule 5(c) and Ninth Circuit Rule 5-2(b). This word count also complies with Ninth Circuit Rule 27-1(1)(d), as, divided by 280, it does not exceed 10, consistent with Ninth Circuit Rule 32-3(2).

/s/ Masha G. Hansford
MASHA G. HANSFORD

JANUARY 23, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I filed the foregoing Reply in Support of Petition for Permission to Appeal Pursuant to the Class Action Fairness Act with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Court's electronic filing system.

I further certify that all participants in the case are registered ACMS users and that service will be accomplished by the Court's electronic filing system.

/s/ Masha G. Hansford
MASHA G. HANSFORD